IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANTHONY BURNS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:15-CV-3280 |
| § | |
| LORIE DAVIS, Director, Texas § | |
| Department of Criminal Justice– § | |
| Correctional Institutions Division,[1] and § | |
| FRANK ALLUMS, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Anthony Burns, a state inmate proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983 (Docket Entry No. 1) ("Complaint"). Burns brings suit against Defendant Lorie Davis, Director of TDCJ, and Frank Allums, a driver for TDCJ inmate transportation. Defendant Davis has filed a Motion to Dismiss (Docket Entry No. 24), to which Plaintiff filed a response (Docket Entry No. 25). Defendant Allums also filed a Motion to Dismiss (Docket Entry No. 26), to which Plaintiff filed a response (Docket Entry No. 27), Defendant filed a reply (Docket Entry No. 28), and Plaintiff filed a surreply (Docket Entry No. 29). Having considered the motions, briefing,

---

[1] Plaintiff brought suit against William Stephens, the former director of the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), in his official capacity. The current director, Lorie Davis, is substituted automatically as party. Fed. R. Civ. P. 25(d).

record, and applicable law, the Court **GRANTS** both motions to dismiss and **DISMISSES** this lawsuit for the reasons explained below.

I.  **BACKGROUND**

On January 26, 2015, Burns was a passenger on a TDCJ bus that collided with another vehicle. Burns' back was injured. Burns alleges in his Complaint that no seat belts were available on the bus, which was travelling at sixty to seventy miles per hour. In his briefing, he further alleges that conditions were foggy, the pavement was wet, and that Allums,[2] the driver, left the scene of the accident without proper instructions from his TDCJ superiors or law enforcement.

Burns was treated at TDCJ medical facilities for approximately one week after the accident, then received follow up medical treatment at his unit. *See* Docket Entry No. 17 (medical records submitted by Plaintiff). Records from the Estelle Unit, dated February 13, 2015, indicate that he had an "[a]cute sprain/strain of lower back; with old compression fracture of L-1." Docket Entry No. 17-3 (Correctional Managed Care Clinic Notes), at 1.

On April 16, 2015, Burns filed a Step 1 grievance regarding the accident. *See* Docket Entry No. 14-1 (Step 1 Offender Grievance Form) ("Grievance"). Burns alleged in the Grievance that the bus driver was not paying attention when the accident occurred; that Burns suffered a broken back; and that the accident had caused him "sever[e] wanton/infliction of pain;" and that he had worn a back support brace and been under a

---

[2] Plaintiff initially did not know the identity of the bus driver involved in the accident, but Defendants have identified Allums through TDCJ records.

doctor's care. *Id.*, at 1. TDCJ deemed the Grievance untimely and did not respond. *Id.* at 2.

Burns brings suit against the TDCJ Director and Allums, seeking $1 million in compensatory damages and $25,000 in punitive damages.

## II. <u>LEGAL STANDARD</u>

A motion to dismiss under Rule 12(b)(6) may be granted if the pleading "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion, courts generally must accept the factual allegations contained in the complaint as true. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). Federal pleading rules require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). The pleadings also must claim that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

"Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). A pleading filed by a *pro se* litigant must be "liberally construed," even if "inartfully pleaded," and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation and quotation marks omitted); *accord Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 601 & n.36

3

(5th Cir. 2017) (declining to strictly construe *pro se* litigant's pleadings in context of motion to dismiss).

III. **DISCUSSION**

A. **Exhaustion of Administrative Remedies**

Under the Prisoner Litigation Reform Act, inmates bringing an action regarding prison conditions under 42 U.S.C. § 1983 or other federal law must first exhaust all administrative remedies "as are available." 42 U.S.C. § 1997e(a). *See Ross v. Blake*, 136 S. Ct. 1850 (2016); *Jones v. Bock*, 549 U.S. 199, 212 (2007). The TDCJ has a two-step formal grievance process:

> The Step 1 grievance, which must be filed ***within fifteen days*** of the complained-of incident, is handled within the prisoner's facility. After an adverse decision at Step 1, the prisoner has ten days to file a Step 2 grievance, which is handled at the state level. This court has previously held that a prisoner must pursue a grievance through both steps for it to be considered exhausted.

*Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004) (emphasis added).

In this case, Burns did not exhaust all remedies available through the TDCJ grievance process. The bus accident occurred on January 26, 2015. Burns' Step 1 grievance was filed on April 16, 2015, well outside the fifteen-day period. *See* Grievance, at 2. *See also* Complaint, at 3 (response to Grievance was "Time Expired"). Although Burns stated on the Grievance that he had "filed a complaint to the TDCJ authorities" on January 26, 2015, which was the date of the accident, *see* Grievance, at 1,

4

the record before the Court contains no evidence of a grievance or any other document filed on January 26, 2015.[3]

Burns' claims in this lawsuit are unexhausted and must be dismissed. *See* 42 U.S.C. § 1997e(a); *Johnson*, 385 F.3d at 515.

### B. Eighth Amendment Claims

In addition, even if Burns had properly exhausted his claims, they would be subject to dismissal because Burns fails to state a claim upon which relief can be granted.

#### 1. *Official Capacity Claims*

Plaintiff appears to bring a claim against the Director in her official capacity for TDCJ's failure to equip inmate buses with seatbelts or other safety measures. At times in his briefing, Plaintiff also refers to an official capacity claim against Allums. The Court will assume, for purposes of this opinion, that Plaintiff brings official capacity claims against both Defendants.

A claim against a TDCJ official in his or her official capacity is a claim against TDCJ, and thus a claim against the State of Texas. *See Mayfield v. Tex. Dep't of Crim. Justice*, 529 F.3d 599, 604 (5th Cir. 2008). Because the Eleventh Amendment protects the states' sovereign immunity, federal courts lack jurisdiction over suits against a state

---

[3] Burns also appears to allege in his briefing that TDCJ failed to properly file or return a Step 1 grievance. *See* Docket Entry No. 25 (Plaintiff's Response), at 5 ¶ 8 (the Estelle Unit's grievance department "failed intentionally to properly file/return" the Step 1 grievance); *id.* at Exhibit A (Inmate Request to Official form, dated May 7, 2015, complains that Burns had not received a response to his Step 2 grievance after his Step 1 grievance was deemed untimely). Even taking all Burns alleges as true, Exhibit A does not purport to show that a Step 1 grievance was filed within fifteen days of the accident. To the contrary, it apparently refers to Burns' untimely Grievance filed on April 16, 2015.

for money damages unless the state has waived its immunity or Congress has clearly abrogated that immunity. *NiGen Biotech, L.L.C., v. Paxton*, 804 F.3d 389, 393–94 (5th Cir. 2015); *Moore v. La. Bd. Of Elem. And Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014). Texas has not waived its Eleventh Amendment immunity, and Congress did not abrogate that immunity when enacting Section 1983. *NiGen*, 804 F.3d at 394.

Plaintiff brings claims for money damages and does not seek injunctive relief. The state is immune from Plaintiff's claims against Defendants in their official capacities, and those claims will be dismissed for lack of jurisdiction.

2. *Individual Capacity Claims*

Plaintiff's briefing invokes individual liability for both Defendants.

Regarding the Director, Burns alleges that the Director failed to properly oversee the TDCJ transportation department because the buses for inmate transportation lack seat belts. *See* Complaint, at 3 ("Excessive risks to inmate health or safety, to wit; no seatbelts or other safety measures on bus for inmates"); Docket Entry No. 25, at 2 ¶4 (alleging that Director is liable in his individual capacity because he "failed to properly (O)ver See in detail the transportation Dept.") (emphasis original); *id.* at 4 ¶ 6 (Director had responsibility to hire, train, and oversee conduct of employees and to enforce the rules and regulations for safety on open roads). Burns alleges no facts pertaining to specific personal involvement by Director Davis or her predecessor, Director Stephens, in the bus accident that allegedly injured him. His individual capacity claim against the

Director therefore fails. *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011).[4] Moreover, the absence of seatbelts on a prison bus, standing alone, is not an infliction of cruel and unusual punishment in violation of the Eighth Amendment. *Jabbar v. Fischer*, 683 F.3d 54, 58 (2d Cir. 2012). *See also Cooks v. Crain*, 327 F. App'x 493, 494 (5th Cir. 2009) (affirming dismissal of TDCJ inmate's claim that the absence of seatbelts on TDCJ vans violated a federal right).

Burns also sues Allums in his individual capacity for his conduct while driving the bus. Allums has invoked the defense of qualified immunity, which "protects government officials from liability for civil damages to the extent that their conduct is objectively reasonable in light of clearly established law." *Crostley v. Lamar Cty., Tex.*, 717 F.3d 410, 422 (5th Cir. 2013) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Kinney v. Weaver*, 367 F.3d 337, 346 (5th Cir. 2004) (en banc)). Plaintiff bears the burden to show that immunity should not apply. *Id.* To meet this burden, Burns must allege the violation of a constitutional right that was clearly established at the time of the accident. *See Estate of Henson v. Wichita Cty, Tex.*, 795 F.3d 456, 462 (5th Cir. 2015); *Crostley*, 717 F.3d at 422. A constitutional right is clearly established when the contours of the right are so clear that "a reasonable official would understand that what he is doing violates that right." *Cantrell v. City of Murphy*, 666 F.3d 911, 919 (5th Cir. 2012) (internal citations and quotation marks omitted).

---

[4] An official cannot be held liable under section 1983 merely because he has supervisory authority over subordinate officials who are alleged to have committed a constitutional violation. *Id.*; *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 (5th Cir. 2006); *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002).

Burns' claim falls under the Eighth Amendment's ban on cruel and unusual punishment. To state an Eighth Amendment claim, Burns must allege a "substantial risk of serious harm," as well as "deliberate indifference" by Allums:

> To plead an Eighth Amendment violation based on the conditions of an inmate's confinement, a plaintiff must allege conditions that pose a substantial risk of serious harm. The plaintiff must also allege that the defendant prison officials were deliberately indifferent to the inmate's health or safety. . . . [A] prison official acts with deliberate indifference when he knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Hinojosa v. Livingston*, 807 F.3d 657, 665 (5th Cir. 2015) (internal quotation marks, citations, and alteration omitted) (quoting *Farmer v. Brennan*, 511 U.S. 825 (1994)). Deliberate indifference is an "extremely high standard." *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001). It requires "more than an allegation of mere negligence, but less than an allegation of purpose or knowledge." *Hinojosa*, 807 F.3d at 665. *See Easter v. Powell*, 467 F.3d 459, 464 (5th Cir. 2006).

Burns' allegations against Allums are, in their entirety, that Allums drove between sixty and seventy miles per hour, despite wet pavement and foggy conditions, and that he left the scene of the accident without instructions from his TDCJ superiors or law enforcement. These allegations sound in negligence and, in fact, Burns repeatedly describes his claim as one of "negligence" or "gross negligence."[5] Allegations of negligence do not state a claim under 42 U.S.C. § 1983. *See Hinojosa*, 807 F.3d at 665.

---

[5] *See, e.g.*, Docket Entry No. 25, at 1 ¶ 2; *id.* at 5 ¶ 7; *id.* at 6; Docket Entry No. 27, at 1 ¶ 2; *id.* at 2 ¶ 2(B).

Even if Burns could prove his allegations that Allums "intentionally" exceeded the speed limit or violated driving policies, these allegations, without more, are insufficient to state a claim that Allums was subjectively aware of and disregarded an "excessive risk" to Burns' health and safety, as is required for deliberate indifference. *See id.*; *Domino*, 239 F.3d at 756.[6] Plaintiff has not met his burden to show that qualified immunity does not protect Allums. *See Crostley*, 717 F.3d at 422.

Burns' claims against Defendants in their individual capacity are dismissed.

## IV. **CONCLUSION**

Defendant Davis' Motion to Dismiss (Docket Entry No. 24) is **GRANTED**. Defendant Allums' Motion to Dismiss (Docket Entry No. 26) is **GRANTED**. This lawsuit is **DISMISSED WITH PREJUDICE**. Any and all pending motions are **DENIED AS MOOT**.

SIGNED at Houston, Texas, on SEP 2 2 2017.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE

---

[6] *Cf. Rogers v. Boatright*, 709 F.3d 403, 406, 409 (5th Cir. 2013) (inmate stated claim of deliberate indifference against van driver because he alleged that driver had told another officer that other inmates had been injured "all the time" under similar circumstances and that the inmates' injuries were not a "big deal"); *Palmer v. Johnson*, 193 F.3d 346, 353 (5th Cir. 1999) (inmate demonstrated deliberate indifference by warden because he presented evidence that the warden was aware that plaintiff was being forced to sleep outside in extreme cold and was deprived of basic elements of hygiene, and that warden threatened to repeat the punishment if plaintiff did not cooperate with the warden's instructions).